**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY EAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1223 |
| | ) | Judge Nora Barry Fischer |
| BENSON LINCOLN MERCURY, INC., | ) | |
| MCGANN AND CHESTER TOWING AND | ) | |
| RECOVERY, LLC, MCGANN AND | ) | |
| CHESTER TOWING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Presently before the Court are *pro se* Plaintiff Anthony Eaves' "Application to Proceed in District Court Without Prepaying Fees or Costs," and his attached Complaint, filed on August 30, 2024. (Docket No. 1).  After careful consideration of Plaintiff's Complaint and screening his allegations pursuant to 28 U.S.C. § 1915(e)(2), and for the following reasons, Plaintiff's Motion [1] is granted as to his in forma pauperis status only but his Complaint will be dismissed for failure to state a claim and lack of subject matter jurisdiction.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen

1

complaints of all parties proceeding in forma pauperis).   In addition, "[f]ederal courts are courts

of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010).

To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising

under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions

wherein there is diversity of citizenship between the parties and the matter in controversy exceeds

$75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal

jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing

*Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as

under Rule 12(b)(6).   *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011)

(citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).   That is, the allegations in a

pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94,

127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the

complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see*

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).   However, a pro se complaint

must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on

its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007);

*see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal*

standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a

district court must permit a curative amendment unless such an amendment would be inequitable

or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's Complaint is subject to dismissal because: his claims

are barred by the doctrine of res judicata; he has failed to set forth any nonfrivolous allegations stating a claim establishing federal question jurisdiction; and, there is no basis for retaining supplemental jurisdiction over any state law claims against non-diverse Defendants.   The Court briefly addresses each rationale supporting dismissal, in turn.

First, Plaintiff's claims asserting that Defendants Benson Lincoln Mercury, Inc. McGann & Chester Towing, LLC and McGann 7 Chester Towing Recovery, LLC violated his Constitutional rights and various federal statutes when his car was towed and sold at an auction in August of 2022 are barred by the doctrine of res judicata which precludes a party from relitigating claims against the same defendants after a decision was entered on the merits in a prior lawsuit.   It is well established that "[a] court may sua sponte dismiss an action on [the ground of res judicata] where the court is on notice that it previously decided the issue presented." *Kuznicki v. Nat'l Church Residences of Penn Hills, PA*, Civ. A. No. 23-2143, 2024 WL 129842, at *4 (W.D. Pa. Jan. 11, 2024) (citing *Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) (further citations omitted).   The elements of res judicata include: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010).

It is this Court's opinion that all three of the elements of res judicata are plainly apparent from the face of Plaintiff's Complaint such that it must be dismissed for failure to state a claim. *See id*.   To that end, in Civil A. No. 24-1022, this Court issued a Memorandum Opinion and Order on July 22, 2024 dismissing Plaintiff's various claims arising out of the same facts involving his vehicle against a host of Defendants, including each of the three named Defendants in this case. *See Eaves v. Kovarik, et al.*, Civ. A. No. 24-1022, 2024 WL 3496524, at *1-3 (W.D. Pa. Jul. 22,

3

2024) (dismissing Plaintiff's claims under § 1983, the U.S. Constitution, various criminal statutes, the False Claims Act, the Consumer Financial Protection Act, and the McCarron-Ferguson Act). Specifically, the Court dismissed his federal claims, with prejudice, as he failed to make any nonfrivolous allegations that he was entitled to relief under the federal Constitution or a federal statute because the Defendants were not state actors subject to suit under § 1983 and the other federal statutes he cited did not support a civil cause of action.  *See id*. at *3.  The Court also declined to exercise supplemental jurisdiction over any state common law claims because the parties were not completely diverse.  *Id*.  All told, since the instant Complaint essentially restates the prior claims which were dismissed in Civil A. No. 24-1022 against three of the Defendants named in that case, the present lawsuit filed at Civil A. No. 24-1223 is barred by res judicata and must be dismissed for failure to state a claim.  *See e.g.*, *Pracht v. Sec'y Pennsylvania Dep't of Corr.*, 675 F. App'x 112, 114–15 (3d Cir. 2017) (affirming dismissal because the plaintiff's "complaint essentially restates the claims set forth in his previous case, see W.D. Pa. Civ. No. 13-cv-00089; C.A. No. 12-03640, and is therefore barred by res judicata.").

Second, as in the prior lawsuit at Civ. A. No. 24-1022, Plaintiff's instant Complaint is subject to dismissal because he has not met his burden to present a "nonfrivolous allegation that he [...] is entitled to relief under the U.S. Constitution or a federal statute." *Bizzarro v. First National Bank*, 804 F. App'x 190 (3d Cir. 2020).  Indeed, each of the Defendants are private entities and therefore are not state actors subject to suit under § 1983. *See e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). Further, none of the federal statutes that Plaintiff has cited support his bringing a private civil

lawsuit against these Defendants, i.e., the Clayton Antitrust Act; 19 U.S.C. § 1592 (penalties for fraud in customs); 29 U.S.C. § 1109 (ERISA liability for breach of fiduciary duty); 18 U.S.C. § 1033 (criminal statute proscribing false statements in business affecting interstate commerce); 12 U.S.C. §§ 5531, 5564 (enforcement provisions of Consumer Financial Protection Act). *See e.g., Peeples v. Equifax Info. Servs. LLC*, No. 23-CV-0617, 2023 WL 5916458, at *2 (E.D. Pa. Sept. 8, 2023) ("Numerous courts have held that there is no private cause of action under the CFPA and that the Act is enforceable only by the Bureau of Consumer Financial Protection."); *Horsch v. Cantymagli*, No. 24-CV-1183, 2024 WL 1444020, at *3 (E.D. Pa. Apr. 3, 2024) (citing *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018)) ("Criminal statutes generally do not give rise to a basis for civil liability."). Hence, all of Plaintiff's federal claims against these Defendants must be dismissed for failure to state a claim. *See Bizzarro*, 804 F. App'x 190.

Third, the Court also cannot exercise diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's state law claims for breach of contract or any torts because the parties are not completely diverse given his allegations that he and the McGann and Chester entities are citizens of Pennsylvania. (Docket No. 1-1 at 10). Although he failed to plead the citizenship of Benson Lincoln Mercury, Inc. in this lawsuit, he previously alleged in Civil A. No. 24-1022 that it was a Pennsylvania citizen as well. (*See* Civil. A. No. 1022, Docket No. 1-1). Since all of the federal claims are subject to dismissal for failure to state a claim and there is no basis for diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over any remaining state law claims against the Defendants. *See* 28 U.S.C. § 1367(c).

Finally, for essentially the same reasons, it is also clear that leave to amend would be futile

such that leave to amend will be denied. *See Reihner v. Cnty. of Washington, Pennsylvania,* 672 F. App'x 142, 144 (3d Cir. 2016) (leave to amend was properly denied as futile because "[n]ot only did the Reihners fail to present any suggestion that they had their own claims against the defendants, but they also sued defendants against whom claims under § 1983 could not proceed.").

Based on the foregoing, the Court will grant Plaintiff's motion seeking in forma pauperis status but finds that Plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). His federal claims are dismissed, with prejudice and the state law causes of action are dismissed, without prejudice, for lack of subject matter jurisdiction. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   September 13, 2024

cc/ecf: Anthony Eaves
        2005 Wyandotte Street
        Pittsburgh, PA 15219
        (first class mail)

6